# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TAYR KILAAB AL GHASHIYAH (KHAN) et al.,
    Plaintiffs,

v.                        Case No. 05-C-0766

MATTHEW FRANK et al.,
    Defendants.

## ORDER

On July 20, 2005, fourteen incarcerated plaintiffs filed this action on behalf of themselves and "all other incarcerated persons similar [sic] situated" (Compl. at 1), alleging that defendants, who are various individuals associated with the Wisconsin state prisons, violated their rights under federal law. Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1), and the Seventh Circuit's holding in Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004), each plaintiff is required to pay a statutory filing fee of $250.00. Normally, a litigant must prepay his or her filing fees. However, under § 1915, a court may allow a party to commence an action without prepaying the required fee upon that party's submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). When the indigent party is a prisoner, the prisoner must, in addition to filing the aforementioned affidavit, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." Id. § 1915(a)(2). If the court is satisfied that the prisoner cannot prepay the filing fee, it may allow him or her to proceed in forma pauperis. A prisoner granted permission to proceed in forma pauperis need not prepay the

filing fee in full; however, it must pay the full filing fee in increments, according to the formula set forth in § 1915(b).

Under § 1915(b), the court will assess an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits into the plaintiff's prison account, or (2) the average monthly balance in the plaintiff's prison account, each for the six-month period immediately preceding the filing of the complaint. After the initial fee is paid, the agency having custody of the plaintiff captures twenty percent of the income deposited to the plaintiff's prison trust account each month. Once the accumulated twenty percent deductions exceed $10.00, prison officials shall forward the accumulated deductions to the Clerk of the Court towards the plaintiff's filing fee. Williams v. Litscher, 115 F. Supp. 2d 989, 991 (W.D. Wis. 2000).

In the present case, none of the fourteen named plaintiffs has prepaid his filing fee. Twelve plaintiffs have requested permission to proceed in forma pauperis pursuant to § 1915. However, two plaintiffs – Kenneth Jaworski and Jeffery Spreewell – have neither prepaid the filing fee nor submitted requests to proceed in forma pauperis. Moreover, they have not provided the clerk's office with an address at which they can be contacted. Therefore, Jaworski and Spreewell will be dismissed as plaintiffs in this case. If either Jaworski or Spreewell desire to be reinstated as plaintiffs, they must first either prepay their respective $250 filing fees or file requests to proceed in forma pauperis.

With respect to the plaintiffs that have submitted requests to proceed in forma pauperis, they are assessed initial partial filing fees as follows:

Plaintiff Ghashiyah has submitted a completed in forma pauperis application and his trust account statement. A review of this statement reveals that, for the relevant six-month

period, the average monthly deposit into his prison account was $17.17 and the average monthly balance was $6.28. Thus, in accordance with § 1915(b)(1), he is required to pay an initial partial filing fee of $3.43 (twenty percent of $17.17).

Plaintiff Wesley has submitted a completed in forma pauperis application and his trust account statement. A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into his prison account was $48.14 and the average monthly balance was $2.63. Thus, in accordance with § 1915(b)(1), he is required to pay an initial partial filing fee of $9.63 (twenty percent of $48.14).

Plaintiff Addington has submitted a completed in forma pauperis application and his trust account statement. A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into his prison account was $105.20 and the average monthly balance was $1,198.80. Thus, in accordance with § 1915(b)(1), he is required to pay an initial partial filing fee of $239.76 (twenty percent of $1,198.80).

Plaintiff Brown has submitted a completed in forma pauperis application and his trust account statement. A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into his prison account was $114.43 and the average monthly balance was $6.36. Thus, in accordance with § 1915(b)(1), he is required to pay an initial partial filing fee of $22.89 (twenty percent of $114.43).

Plaintiff Krysheski has submitted a completed in forma pauperis application and his trust account statement. A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into his prison account was $90.77 and the average monthly balance was $24.74. Thus, in accordance with § 1915(b)(1), he is required to pay an initial partial filing fee of $18.15 (twenty percent of $90.77).

Plaintiff Smith has submitted a completed in forma pauperis application and his trust account statement.  A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into his prison account was $27.78 and the average monthly balance was $7.48.  Thus, in accordance with § 1915(b)(1), he is required to pay an initial partial filing fee of $5.55 (twenty percent of $27.78).

Plaintiff Shaw has submitted a completed in forma pauperis application and his trust account statement.  A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into his prison account was $44.99 and the average monthly balance was $11.07.  Thus, in accordance with § 1915(b)(1), he is required to pay an initial partial filing fee of $8.99 (twenty percent of $44.99).

Plaintiff Thompson has submitted a completed in forma pauperis application and his trust account statement.  A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into his prison account was $77.00 and the average monthly balance was $226.23.  Thus, in accordance with § 1915(b)(1), he is required to pay an initial partial filing fee of $45.24 (twenty percent of $226.23).

Plaintiff Williams has submitted a completed in forma pauperis application and his trust account statement.  A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into his prison account was $0.00 and the average monthly balance was $0.00.  Thus, in accordance with § 1915(b)(1), he is not required to pay an initial partial filing fee.

Plaintiff Joshua has submitted a completed in forma pauperis application and his trust account statement.  A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into his prison account was $74.64 and the average

monthly balance was $129.60. Thus, in accordance with § 1915(b)(1), he is required to pay an initial partial filing fee of $25.92 (twenty percent of $129.60).

Plaintiff Garms has submitted a completed in forma pauperis application and his trust account statement. A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into his prison account was $68.07 and the average monthly balance was $66.08. Thus, in accordance with § 1915(b)(1), he is required to pay an initial partial filing fee of $13.61 (twenty percent of $68.07).

Finally, plaintiff Dunwald has submitted a completed in forma pauperis application and his trust account statement. A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into his prison account was $42.55 and the average monthly balance was $184.23. Thus, in accordance with § 1915(b)(1), he is required to pay an initial partial filing fee of $36.85 (twenty percent of $184.23).

The above plaintiffs who are required to pay initial partial filing fees shall forward their respective fees to the clerk of this court within 21 days of the date of this order. Any plaintiff's failure to pay his initial partial filing fee within the time specified will result in his dismissal from this action.

**Notice to Plaintiffs:** Please be aware that 28 U.S.C. § 1915(g) creates a "three strikes" rule. This means that if a prisoner files three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, that prisoner may not bring any other actions in forma pauperis, unless he or she is in imminent danger of serious physical injury. § 1915(g). Further, each plaintiff is advised that pursuant

to Boriboune, if this case is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, they will all incur a "strike" under § 1915(g).

If you believe you may incur a "strike" under § 1915(g) when the merits of this case are assessed at a later stage of this litigation, and you want to avoid that possibility, you may notify the Clerk of Court in writing within twenty-one days of the date of this order, stating that you do not wish to continue prosecuting this civil action. If we receive such notification, this case will be dismissed without prejudice, without your incurring a "strike" under § 1915(g), and without your paying the filing fee as set forth in this order.

If, however, you simply do not pay the initial partial filing fee within the period set forth in this order, this case may be dismissed with prejudice, and you will still be required to pay the entire $250 filing fee. A dismissal for failure to pay the initial partial filing fee, however, is never counted as a "strike" under § 1915(g).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that within 21 days of the date of this order, plaintiffs shall forward to the Clerk of this Court their respective initial partial filing fees, as outlined above.

After the initial partial filing fees are paid, the court will then review plaintiffs' legal claim(s) to determine whether the action may proceed in forma pauperis. Claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against defendants with immunity will be dismissed at this stage. § 1915(e)(2)(B). Please note that if any one claim survives this review, plaintiffs will not incur a § 1915(g) "strike."

**IT IS FURTHER ORDERED** that Kenneth Jaworski and Jeffery Spreewell are **HEREBY DISMISSED** as plaintiffs in this action.

**FINALLY, IT IS ORDERED** that copies of this order be sent to the warden of the institution where each inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this 8 day of August, 2005.

/s
LYNN ADELMAN
District Judge

O:\CASES\Civil\05c0766\IPFF order.wpd 7