# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TAYR KILAAB AL GHASHIYAH (KHAN),
ROBERT ADDINGTON, LARRY BROWN,
JASON KRYSHESKI, CORNELL SMITH,
RAYMOND SHAW, YUSEF L. WILLIAMS,
ROBERT JOSHUA, MATTHEW GARMS,
BATTITES WESLEY, GLENN THOMPSON, and
GUY DUNWALD,

       Plaintiffs,                          Case No. 05-C-0766

v.

MATTHEW FRANK, JAMES E. DOYLE, DEPARTMENT OF CORRECTIONS,
GARY R. McCAUGHTRY, MARC CLEMENT, MICHAEL THURMAN,
DANIEL BETRAND, MICHAEL BAENEN, PETE ERICKSON, MICHAEL DONOVAN,
ANGELIA KROLL, PHIL KINGSTON, JAMES SCHWORCHORT, JAMYI J. WITCH,
BELINDA SCHRUBBE, TAMMY WESTPHAL, KAREN GOURLIE,
FRANCIS MONROE JENNING, MARILYN VANDERKINTER,
ROXANNE KLARKOWSKI, CHARLIE BROWN, CURT JANSSEN, BETH LIND,
JUDY SMITH, TRAVIS FIX, LYNN OESTRICH, DUWAYNE LONGSETH,
THOMAS CORE, AGGIE LAUTENBERG, JOE PASSIG, MARK JENKIN,
FRED NELSON, ROLLAND HOFF, JUDY SCHAEFER, STEVEN SCHUELER,
DARRELL ALDRICH, KAL HANSEN, RENEE RONZANI, PHIL KUSSMANN,
MARK MELCHER, BRUCE MURASKI, JAMES HOELTEL, DEBRA TETZLAFF,
MICHAEL THOMAS, DANIEL BOUSHKA, MATT JONES,
LINDA ALSUM-O'DONOVAN, JENNIFER OPPERMAN, CARLA BROCKHAUS,
J. STELLING, TIM IKERT, J. O'DONOVAN, JUDITH LaPINE, M. RAINKE,
DOUG REIMER, BOB SLACHTA, JAN SCHUCK, NACY DUMBROWSKI, M. THORP,
J. NOE, JAILER NAHMENS, JAILER NAULT, JAILER MITTELSTEALDT,
JAILER WITTHUN, JAILER RUSSELL, JAILER TOLLEFSON, JAILER GERRITSON,
JAILER ROELKE, JAILER BEASLEY, JAILER BAUER, JAILER SPURGEON,
JAILER LAUTENBERG, JAILER GAYBAY, JAILER LEVEY, JAILER ROSS,
JAILER SCHUAB, JAILER GILL, JAILER ERICKSON, JAILER FEUCHT,
MS. BUSHWIELER, JANE DOE, PETER ROE, and
WISCONSIN PAROLE COMMISSION,

       Defendants.

## ORDER

Plaintiffs Tayr Kilaab al Ghashiyah, Robert Addington, Larry Brown, Jason Krysheski, Cornell Smith, Raymond Shaw, Yusef L. Williams, Robert Joshua, Matthew Garms, Battites Wesley, Glenn Thompson, and Guy Dunwald filed a joint complaint under 42 U.S.C. § 1983 concerning events that occurred at Waupun Correctional Facility (WCI), Oshkosh Correctional Institution (OCI), and Green Bay Correctional Institution (GBCI).

In accordance with this court's order of August 9, 2005, plaintiffs paid the following initial partial filing fees: 1) Ghashiyah paid $3.43; 2) Addington paid $239.76; 3) Brown paid $22.89; 4) Krysheski paid $18.19; 5) Smith paid $5.55; 6) Shaw paid $8.99; 7) Joshua paid $25.92; and 8) Williams was not assessed an initial partial filing fee. Hence, they will be permitted to proceed in forma pauperis. The balances of their filing fees will be collected as set forth below.

Garms has not paid his initial partial filing fee of $13.61. Therefore, he is dismissed from this action without prejudice for failure to prosecute pursuant to Civil L.R. 41.3 and Fed.R.Civ.P. 41(b). To the extent that plaintiffs Wesley, Dunwald, and Thompson request to withdraw from this action, they are hereby dismissed.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This

statement must simply "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (stating that there is no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts which show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

Plaintiffs are currently incarcerated at WCI and the Wisconsin Secure Program Facility (WSPF). The complaint names 85 defendants, including Governor James Doyle, the Wisconsin Department of Corrections (DOC), and the Wisconsin Parole Commission. The remaining defendants are DOC employees.

The complaint is 58 pages long, single-spaced, and made up of 671 numbered paragraphs. In large part, the document is devoted to reciting inmate complaints filed as far back as 1995. As Judge Crabb noted in Lindell v. Doyle, No. 02-C-473, 2004 U.S. Dist. LEXIS 1571, at *7-8 (W.D. Wis. Feb. 2, 2004).

> The complaint is not a proper device for presenting evidence or excessive factual detail. Petitioner's practice of cluttering his complaint with numerous allegations concerning the steps he has taken to exhaust his administrative remedies contributes to the unwieldy size of his complaint. Although it is true that because petitioner is a prisoner, he is required to exhaust his administrative remedies before filing a lawsuit, he does not need to describe in his complaint every phase of the exhaustion procedure he took. Failure to exhaust is an affirmative defense that the defendants have the burden of raising or the defense is waived.

Further, the complaint does not comply with Fed. R. Civ. P. 8. Specifically, plaintiffs' allegations of wrongdoing are devoid of specific defendants and/or plaintiffs. For example,

4

plaintiffs submit:

> The plaintiffs relevant factual averment (sic) are based on the defendants during the solar period of 1995 thru (sic) 2005 confinement of the plaintiffs in the segregation unit based upon "sham" due process disciplinary hearings that does not comply with the defendants own DOC manual or constitutional standard.

(Complaint [Compl.] ¶ 195). In light of the fact that there are 85 defendants and 8 plaintiffs, it is impossible to determine what specific conduct plaintiffs are challenging. This type of pleading fails to provide defendants with fair notice of the claims against them. See Lindell, 2004 U.S. Dist. LEXIS 1571, at *7 (stating that failure to make specific allegations against 79 defendants "robs" defendants of notice required under Fed. R. Civ. P. 8).

Moreover, plaintiffs present issues that have already been litigated. Specifically, plaintiffs brought suit in Tayr Kilaab al Ghashiyah v. Gary McCaughtry, Case No. 94-CV-0479, in Dodge County Circuit Court to address their disciplinary confinement claims. Also, they filed Tayr Kilaab al Ghashiyah v. Dept. of Corrections, Case No. 97-CV-2195, in Dane County Circuit Court to challenge a conduct report.

As a final matter, plaintiffs have indicated a desire represent a class of similarly situated inmates. Under Rule 23(a)(4), a named plaintiff must be able to provide the class with adequate representation. Because of this requirement for adequate class representation, courts have repeatedly declined to allow pro se inmates to represent a class in a class action. See, e.g., Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action); Caputo v. Fauver, 800 F. Supp. 168, 169-70 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action"). Thus, plaintiffs

5

will not be permitted to litigate this case as a class action. This denial is without prejudice to being renewed should counsel later appear to represent plaintiffs.

Plaintiffs may file an amended complaint if they can cure the defects in the original complaint by: 1) identifying the relevant plaintiffs and defendants for each claim; 2) omitting previously litigated claims; and 3) removing all references to a class action. Plaintiffs are hereby advised that they have until **February 24, 2006** to file an amended complaint. If plaintiffs fail to amend their complaint on or before **February 24, 2006**, this action may be dismissed pursuant to Civil L.R. 41.3 and Fed. R. Civ. P. 41(b), copies of which are enclosed.

Plaintiffs are hereby advised that the amended complaint supercedes the prior complaint, and the amended complaint must be complete in itself, without reference to the prior complaint. Any matters not set forth in the amended complaint are, in effect, withdrawn. Once filed, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

**THEREFORE, IT IS ORDERED** that Matthew Garms, Battites Wesley, Guy Dunwald, and Glenn Thompson are dismissed from this action.

**IT IS FURTHER ORDERED** that plaintiffs shall file an amended complaint, in compliance with Federal Rule of Civil Procedure 8, as described herein, on or before **February 24, 2006.**

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiffs' prison trust accounts the following balances of the filing fees: 1) $246.57 from Ghashiyah; 2) $10.24 from Addington; 3)

6

$227.11 from Brown; 4) $231.81 from Krysheski; 5) $244.45 from Smith; 6) $241.01 from Shaw; 7) $224.08 from Joshua; and 8) $250 from Williams by collecting monthly payments from each respective plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the respective account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

    Dated at Milwaukee, Wisconsin, this 23 day of January, 2006.

/s_____
LYNN ADELMAN
District Judge

**Civil L.R. 41.3 Dismissal for Lack of Diligence.**

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

**Fed. R. Civ. P. 41(b) Involuntary Dismissal: Effect Thereof.**

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

8