# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TAYR KILAAB AL GHASHIYAH, ROBERT ADDINGTON,
LARRY J. BROWN, JASON KRYSHESKI,
CORNELL SMITH, RAYMOND SHAW,
YUSEF LATEE WILLIAMS, and
ROBERT JOHNSON,

      Plaintiffs,

      v.                                                                  Case No. 05-C-0766

MATTHEW J. FRANK, et al.,

      Defendants.

## DECISION AND ORDER

Plaintiffs, Tayr Kilaab al Ghashiyah, Robert Addington, Larry J. Brown, Jason Krysheski, Cornell Smith, Raymond Shaw, Yusef Latee Williams and Robert Johnson, filed a joint pro se civil rights complaint under 42 U.S.C. § 1983. This order addresses: (1) plaintiffs' motion for temporary restraining order; (2) plaintiffs' motion to compel; (3) plaintiffs' motion for joint law library passes; (4) plaintiffs' motion for sanctions; (5) plaintiffs' motion to amend the complaint; and (6) a motion to stay filed by plaintiff Jaworski.

### I. PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION TO COMPEL, MOTION FOR JOINT LAW LIBRARY PASSES, MOTION FOR SANCTIONS AND MOTION TO AMEND

Currently pending are five motions filed on behalf of all plaintiffs. Federal Rule of Civil Procedure 11 provides, in pertinent part,

> **(a) Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any.

> Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

As applied to multiple prisoner litigation, Rule 11 requires the signatures of all unrepresented plaintiffs. See Bouriborne v. Berge, 391 F.3d 852, 855 (7th Cir. 2004).

Plaintiffs' motion for temporary restraining order, motion to compel, motion for joint law library passes, motion to amend and motion for sanctions were filed by plaintiffs Ghashiyah and Brown. Careful review of these motions indicates that they were filed on behalf of, and seek relief for, all plaintiffs. For example, the motion to amend states, in part, "the plaintiffs, pro-se, herein moves (sic) the court to permit them to amend complaint." (Mot. to Amend at 1). However, the motion for temporary restraining order, motion to compel, motion for joint law library passes and motion to amend were signed only by Ghashiyah. Additionally, the motion for sanctions was signed only by Brown. Ghashiyah and Brown have given no indication as to why it was necessary to file motions on behalf of plaintiffs as a group without first obtaining all plaintiffs' signatures. Moreover, I have previously warned plaintiff Ghashiyah not to file motions on behalf of other plaintiffs in this case. (See Order of May 11, 2006). For this reason alone, plaintiffs' motion for preliminary injunction, motion to compel, motion for joint law library passes, motion for sanctions and motion to amend the complaint should be denied. However, denial of plaintiffs' motions is further warranted for the reasons set forth below.

**A. Motion for Temporary Restraining Order**

Plaintiffs request that the court "issue a restraining order prohibiting the defendants from obstructing and intimidating the plaintiffs for complying with the laws." (July 25, 2006,

Mot. for Order at 2). When considering whether to grant a temporary restraining order, the court must first consider whether the moving party has demonstrated: (1) a reasonable likelihood of success on the merits, and (2) no adequate remedy at law and irreparable harm if injunctive relief is denied. Aircraft Owners & Pilots Ass'n v. Hanson, 102 F.3d 1421, 1424-25 (7th Cir. 1996)(internal citations omitted). If the moving party has demonstrated those items to the satisfaction of the court, then it must look at: (3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied, and (4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties. Id. The Seventh Circuit has adopted a sliding scale approach where the greater the movant's chances of success on the merits, the less he must show that the balance of hardships tips in his favor. Ty, Inc. v. Jones Group, 237 F.3d 891, 95-96 (7th Cir. 2001).

In the present case, plaintiffs aver that they "are being punish[ed] for petitioning the courts under the requiring laws and procedures of courts." (July 25, 2006, Mot. for Order at 1). Specifically, plaintiff Ghashiyah contends that he has received two conduct reports related to this lawsuit. However, Ghashiyah has submitted only one conduct report which he received on July 5, 2006, for unauthorized use of the mail in connection with Ghashiyah v. Wisconsin Department of Corrections, No. 01-C-0010 (E.D. Wis.). (Pl.'s Mot. for Preliminary Injunction, Ex. 1; Ghashiyah v. Wisconsin Department of Corrections, No. 01-C-0010 (E.D. Wis.)). In Conduct Report 1817033, Lt. R. Smith charged Ghashiyah (formerly known as John Casteel) with unauthorized use of the mail because Ghashiyah mailed a french fry to the Wisconsin Department of Justice. Id. On July 20, 2006, Ghashiyah was found guilty of Wis. Admin. Code § DOC 303.48, which provides that any inmate who sends

3

food samples through the mail is guilty of an offense. Id. Donald Strahota signed the conduct report indicating his assent to this ruling. Id.

Based on the information presented in plaintiffs' motion, I am unconvinced that defendants are obstructing and intimidating plaintiffs. Rather, plaintiffs' filing indicates that Ghashiyah was issued a conduct report for violating Wis. Admin. Code § DOC 303.48. Moreover, prison officials Smith and Strahota are not parties to this action, and plaintiffs have not suggested that defendants in this case were in any way involved in the issuance of Conduct Report 1817033. Thus, plaintiffs' motion for temporary restraining order will be denied.[1]

**B.     Motion for Joint Law Library Passes**

Plaintiffs have requested that the court "order prison officials to schedule joint legal law library passes." (July 27, 2006, Mot. for Order at 1). Inasmuch as plaintiffs have asked me to order defendants to perform an affirmative act, I construe plaintiffs' motion as a request for injunctive relief. Therefore, the burden is on plaintiffs to demonstrate: (1) a reasonable likelihood of success on the merits, and (2) no adequate remedy at law and irreparable harm if injunctive relief is denied. Aircraft Owners & Pilots Ass'n, 102 F.3d at 1424-25.

---

[1] I note that on July 5, 2006, plaintiff Ghashiyah filed with this court a letter containing a french fry. While Ghashiyah asserts that the french fry constitutes physical evidence, he fails to explain how such evidence is related to any of his claims or why it was not filed in a separate envelope marked "evidence." Thus, the envelope was not docketed and it shall be disregarded by the court. Plaintiff Ghashiyah, and all plaintiffs in this action, are advised that any future submissions to the court or to defendants in this action, by any plaintiff or group of plaintiffs, that include inappropriate or questionable substances will subject them to sanctions under Rule 11.

Here, plaintiffs contend that they requested law library passes on May 28, 2006, and June 6, 2006. (July 27, 2006, Mot. for Order at 1). In denying their May 28, 2006, request, Security Director Donald Strahota stated that he was not aware that plaintiffs were involved in a joint lawsuit. (July 27, 2006, Mot. for Order, Ex. 2). Further, Strahota advised plaintiffs that "there will be no blanket approval as you request, you will need to follow the normal routine for such requests." Id.

Notably, plaintiffs have not explained why it is necessary to conduct legal research as a group. Moreover, plaintiffs's own submission suggests that they have not utilized the normal procedure to make a request for a joint law library pass. Finally, plaintiffs have made no assertion that they will suffer irreparable harm if injunctive relief is not granted. Thus, plaintiffs' motion for preliminary injunction must be denied.

**C.    Motion to Compel**

Plaintiffs have filed a motion to compel defendants to respond to plaintiffs' request for production of documents. Although Fed. R. Civ P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." Id.

5

In the present case, plaintiffs seek an order compelling defendants to respond to their May 31, 2006, request for production of documents. Review of the docket in this case reveals that defendants were not served with the amended complaint until June 23, 2006. Moreover, a scheduling order has not yet been issued in this case. Thus, plaintiffs' discovery request was premature. I will issue a scheduling order informing the parties of the deadlines for completing discovery and filing dispositive motions. Plaintiffs are advised that they may re-file their discovery demands upon issuance of the scheduling order. In the event defendants fail to comply with their requests, plaintiffs may re-file their motion to compel, provided they meet the aforementioned requirements. Accordingly, plaintiffs' motion to compel is denied.

**D.   Motion for Sanctions**

Plaintiffs have requested that Assistant Attorney General Adrian Dresel-Velasquez (counsel for defendants) be sanctioned for submitting an affidavit indicating that he would respond to plaintiffs' request for production of documents by September 4, 2006. Plaintiffs further claim that Dresel-Velasquez committed perjury because he violated Wisconsin Supreme Court Rule 20:3.3(a)(1)(4), which provides that a lawyer may not knowingly make a false statement of fact or law to a tribunal. No response to plaintiffs' motion has been filed with the court. Perhaps no response was filed because defendants do not oppose plaintiffs' motion or defendants do not take seriously plaintiffs' request for sanctions. Regardless, defendants are not currently in a position to now object to plaintiffs' request for sanctions.

On the other hand, plaintiffs have not shown that attorney Dresel-Velasquez knowingly made a false statement when he stated that he intended to respond to their requests by September 4, 2006. To the extent plaintiffs seeks sanctions pursuant to

6

Fed.R.Civ.P. 37(b)(1), I have not issued a discovery order with which the defendants have failed to comply.

Further, plaintiffs' motion for sanctions for failing to respond to discovery is, at this stage of the proceedings, premature. Plaintiffs have been advised that a scheduling order is forthcoming and that they may re-file their discovery requests. The court expects that plaintiffs will receive a timely response to any such requests. Accordingly, plaintiffs' motion for sanctions is denied.

**E.     Motion to Amend**

Plaintiffs filed a motion to amend the complaint on the following grounds:

1. The plaintiffs submitted the attached amend complaint to clarify their legal claims under the First, Fifth, and Fourteenth Amendments.

2. The plaintiffs believes (sic) amend complaint will also provide proper notice to the defendants related to their claims.

(Pl.'s Mot. to Amend at 1).

The Local Rules provide that any party seeking a motion to amend must attach to the motion a copy of the proposed amended pleading. Civil L.R. 15.1 (E.D. Wis.). Here, plaintiffs have not submitted a copy of the proposed amended complaint. It is important even for pro se petitioners to comply with the procedural demands of the court, especially if they seek to add new claims. Accordingly, plaintiffs' motion to amend the complaint is denied.

If plaintiffs wish to file a second amended complaint, they must do so within 45 days of the date of this order. However, they will be required to file an amended complaint which complies with Civil L.R. 15.1. Such an amended pleading must be complete in itself and not

7

Case 2:05-cv-00766-LA    Filed 01/11/07    Page 7 of 9    Document 85

contain any references to prior pleadings. The amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

## II. Motion to Stay Filed by Plaintiff Jaworski

On August 1, 2006, plaintiff Jaworksi filed a "Motion to Stay Decision and Order of July 26, 2006." In support of his request, Jaworksi argues: (1) he was never sent any papers by the court; (2) he has paid a filing fee of $5.84; and (3) he desires a two week stay in which to pay the filing fee. (Mot. to Stay at 1-2). Jaworski does not indicate that his motion was filed pursuant to any Federal Rule as required under Civil L.R. 7.1 (E.D. Wis.) ("Every motion must set forth the rule pursuant to which it is made."). Because he has requested an extension of time in which to pay the filing fee, I construe Jaworski's filing as a motion for extension of time in which to pay the initial partial filing fee.

The Prison Litigation Reform Act (PLRA) provides that if a prisoner brings a civil rights action, the prisoner shall be required to pay the full amount of the filing fee or receive permission under 28 U.S.C. § 1915 to proceed in forma pauperis. See 28 U.S.C. § 1915. On February 3, 2006, Jaworksi filed a motion to proceed in forma pauperis. He was subsequently assessed an initial partial filing fee of $37.71. To date, Jaworski has not paid any filing fee. However, plaintiff's request comes at a relatively early stage in this case, as discovery has not yet begun and no dispositive motions have been filed. Upon due consideration, I will permit Jaworski an additional thirty (30) days in which to pay the initial partial filing fee of $37.71 to the Clerk of this court. Thus, plaintiff Jaworski's motion for extension of time will be granted.

8

As a final matter, I note that defendants have been served and have filed a responsive pleading. Thus, the parties are hereby advised that a scheduling order setting forth the deadlines for discovery and dispositive motions is forthcoming.

### III.  CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiffs' motion for temporary restraining order (Docket #62) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to compel (Docket #64) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for joint law library passes (Docket #65) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for sanctions (Docket #72) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to amend (Docket #74) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff Jaworksi's motion for extension of time (Docket #66) is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 10 day of January, 2007.

/s_____
LYNN ADELMAN
District Judge

9