UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TAYR KILAAB AL GHASHIYAH, ROBERT ADDINGTON,
LARRY J. BROWN, JASON KRYSHESKI,
CORNELL SMITH, RAYMOND SHAW,
YUSEF LATEE WILLIAMS,
and ROBERT JOSHUA,**
          **Plaintiffs,**

    v.                                                Case No. 05-C-0766

**MATTHEW FRANK, et al.,**
          **Defendants.**

## DECISION AND ORDER

Plaintiffs, Tayr Kilaab al Ghashiyah, Robert Addington, Larry J. Brown, Jason Krysheski, Cornell Smith, Raymond Shaw, Yusef Latee Williams and Robert Joshua filed this pro se civil rights action under 42 U.S.C. § 1983 and are proceeding in forma pauperis on various constitutional claims. This order addresses: (1) plaintiffs' motion to Name the John Does; (2) plaintiffs' motions to compel; (3) plaintiffs' motion for summary judgment; (4) plaintiffs' motion for leave to file excess pages; (5) a motion for order filed by plaintiff Ghashiyah; (6) a motion for leave to proceed in forma pauperis filed by Kenneth Jaworski; and (7) a motion for extension of time filed by plaintiff Larry J. Brown.

**I. MOTION TO NAME THE JOHN DOES, MOTIONS TO COMPEL, MOTION FOR SUMMARY JUDGMENT AND MOTION FOR LEAVE TO FILE EXCESS PAGES**

Currently pending are four motions filed on behalf of all plaintiffs. As noted in my prior orders of May 11, 2006, and January 11, 2007, all plaintiffs are required to sign every pleading, written motion or other paper filed in this court. Fed. R. Civ. P. 11; see also Bouriborne v. Berge, 391 F.3d 852, 855 (7th Cir. 2004). Nevertheless, plaintiff Ghashiyah

proceeded to file the motion to Name the John Does, motions to compel and motion for summary judgment on behalf of all plaintiffs without first obtaining the signatures of his co-plaintiffs. For the reasons stated herein, these motions will be denied without prejudice.

Plaintiffs are advised that they may renew their motions, without re-filing all the supporting documents, by submitting a signature page signed by all plaintiffs and indicating that all plaintiffs assent to the filing of the motions. Any future motions filed on behalf of all plaintiffs that are not signed by all plaintiffs shall be stricken pursuant to Fed.R.Civ.P. 11(a).

## II. MOTION TO PROCEED IN FORMA PAUPERIS FILED BY KENNETH JAWORSKI

Kenneth Jaworski has filed a motion for leave to proceed in forma pauperis. By order of January 11, 2007, Jaworski was ordered to pay an initial partial filing fee of $37.71 on or before February 11, 2007. Jaworski was released from prison on January 19, 2007, and on January 23, 2007, he filed this motion for leave to proceed in forma pauperis. Jaworski submitted $25.00 to the Clerk of Court on February 6, 2007.

Inasmuch as it was unnecessary for Jaworski to file another in forma pauperis petition because the court advised him that he would be permitted to proceed in forma pauperis if he paid the $37.71 filing fee, his motion for leave to proceed in forma pauperis will be denied as moot. There remains, however, the question of whether the PLRA applies to Jaworski, and, if so, whether he has satisfied the initial partial filing fee requirement.

The Prison Litigation Reform Act (PLRA) provides that if a prisoner brings a civil rights action, the prisoner shall be required to pay the full amount of the filing fee or receive permission to proceed in forma pauperis. See 28 U.S.C. § 1915. Whether an individual is subject to the PLRA depends entirely upon the filing date of the action. See Robbins v. Switzer, 104 F.3d 895, 896 (7th Cir. 1997)(where an inmate filed two appeals after his

release from prison, the PLRA did not apply). In the present case, Jaworski was incarcerated when he filed the complaint. Thus, Jaworski is subject to the PLRA. Accordingly, Jaworski must pay an initial partial filing fee to the extent that he is able. See 28 U.S.C. § 1915(a)(1).

As noted, Jaworski has paid $25.00 to the Clerk of Court. Along with this payment, Jaworski submitted a letter indicating that he is currently residing at the Wisconsin Resource Center and that $25.00 is half of all the money he has. Upon due consideration, the court will accept $25.00 in lieu of $37.71 as Jaworski's initial partial filing fee. Accordingly, Jaworksi will be added as a plaintiff in this action. Plaintiff Jaworski is advised that he is obligated to pay the court the $225.00 remainder of the filing fee. Robbins, 104 F.3d at 897.

### III. MOTION FOR ORDER FILED BY PLAINTIFF GHASHIYAH

Plaintiff Ghashiyah has requested that I issue an order directing the DOC officials to grant him an extension of his prison legal loan. As grounds for his request, plaintiff Ghashiyah states that plaintiffs' summary judgment brief is due by April 23, 2007. Wisconsin Administrative Code § DOC 309.51 provides that inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a $200 loan from the institution where they reside. The superintendent may approve an extension of the legal loan if the inmate demonstrates extraordinary need, such as a court order requiring submission of certain documents. Id. In the present case, plaintiff Ghashiyah has not indicated that he has requested a legal loan extension from the superintendent of the institution where he is confined. Moreover, he filed a motion for summary judgment on April 3, 2007. Thus, plaintiff Ghashiyah's motion for order will be denied.

## IV. MOTION FOR EXTENSION OF TIME FILED BY PLAINTIFF BROWN

Plaintiff Brown has moved for a thirty day extension of time in which to conduct discovery. In support of his request, plaintiff Brown states that he was recently transferred and that he cannot proceed with discovery. Rule 6 of the Federal Rules of Civil Procedure provides, in part,

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order...

In the present case, plaintiff Brown has given no indication as to what type of discovery he seeks to conduct. And, plaintiffs filed a motion for summary judgment on April 4, 2007. Therefore, without additional information, I am unable to discern whether an extension of time to conduct discovery is necessary. Thus, plaintiff Brown's motion for an extension of time will be denied without prejudice.

As a final matter, the court notes that plaintiffs filed a second amended complaint on January 19, 2007. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiffs' proposed amended complaint largely concerns parole issues. There is no mention of the claims presented in the original complaint. Therefore, it appears that the proposed amended complaint incorporates allegations set forth in the original complaint. The Local Rules provides that "[a]ny amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil Local Rule 15.1 (E.D. Wis.). Thus, plaintiffs' motion to amend will be denied without prejudice.

If plaintiffs wish to file a second amended complaint, they must do so within 45 days of the date of this order. However, they will be required to file an amended complaint which complies with Civil L.R. 15.1. Such an amended pleading must be complete in itself and not contain any references to prior pleadings. The amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

**CONCLUSION**

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiffs' motion to Name John Does (Docket # 95) **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to compel (Docket # 96) is **DENIED WITHOUT PREJUDICE**.

**IT IS ORDERED** that plaintiffs' motion to compel (Docket # 101) is **DENIED WITHOUT PREJUDICE.**

**IT IS ORDERED** that plaintiffs' motion for summary judgment (Docket # 103) is **DENIED WITHOUT PREJUDICE.**

**IT IS ORDERED** that plaintiff's motion for leave to file excess pages (Docket # 104) is **DENIED WITHOUT PREJUDICE.**

**IT IS ORDERED** that the motion for extension of time filed by plaintiff Brown (Doc. # 100) is **DENIED.**

**IT IS ORDERED** that the motion for order filed by plaintiff Ghashiyah (Docket # 99) is **DENIED**.

**IT IS ORDERED** that the motion for leave to proceed filed by Kenneth Jaworski (Docket # 91) is **DENIED AS MOOT.**

**IT IS ORDERED** that Kenneth Jaworski be added as a plaintiff in this action.

Dated at Milwaukee, Wisconsin, this 29 day of April, 2007.

/s
LYNN ADELMAN
District Judge