UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TAYR KILAAB AL GHASHIYAH,**
**ROBERT ADDINGTON, LARRY J. BROWN,**
**JASON KRYSHESKI, CORNELL SMITH,**
**RAYMOND SHAW, ROBERT JOSHUA,**
**YUSEF LATEE WILLIAMS and**
**KENNETH JAWORSKI,**
        **Plaintiffs,**

      v.                                            Case No. 05-C-0766

**MATTHEW FRANK, et al.,**
        **Defendants.**

### DECISION AND ORDER

Plaintiffs filed this joint pro se civil rights action pursuant to 42 U.S.C. § 1983 and are proceeding in forma pauperis on various constitutional claims. This matter comes before me on the following applications: (1) plaintiffs' motion for summary judgment; (2) plaintiffs' motion for sanctions; (3) defendants' motions for extension of time; (4) defendants' motion to compel; and (5) a motion for reconsideration filed by plaintiff Kenneth Jaworski.

**I. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS**

On May 8, 2007, plaintiff Ghashiyah filed a motion for summary judgment and a motion for sanctions on behalf of all plaintiffs. However, both pleadings bear only plaintiff Ghashiyah's signature. Plaintiff Ghashiyah has been advised on three prior occasions that filing any motion, pleading or other paper for all plaintiffs, without first obtaining the signature of all plaintiffs, violates Fed. R. Civ. P. 11(a). Additionally, on April 30, 2007, plaintiff Ghashiyah was warned that any future documents filed on behalf of all plaintiffs that failed to comply with Rule 11(a) would be stricken.

Plaintiff Ghashiyah contends that my April 30, 2007, warning "is contrary to well-established laws related to signature." (Pl.s' Notice of Objection at 1). Specifically, plaintiff Ghashiyah states that, under Wis. Stat. §§ 891.25 and 990.01(38), the remaining plaintiffs are not required to sign pleadings submitted on their behalf.

Contrary to plaintiff Ghashiyah's assertion, neither of these provisions exempt plaintiffs from compliance with Rule 11(a).[1] Moreover, as the Fifth Circuit explained in Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) (internal citations omitted),

> [T]he purpose of requiring in Rule 11(a) unrepresented parties to sign their pleadings is to make certain that those named as parties in an action in which there is no lawyer have actually assented to the filing of the action on their behalf. When the unsigned pleading or other paper is tendered to the clerk for filing by the pro se party himself, that purpose of Rule 11(a) may be sufficiently fulfilled to allow relation back if the party within reasonable promptness thereafter signs and refiles the document. But, where the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.

Accordingly, plaintiffs' motion for summary judgment and motion for sanctions will be denied for failing to comply with Rule 11(a).

Plaintiffs are hereby advised that they may renew their motions, without re-filing all the supporting documents, by submitting a signature page signed by all plaintiffs indicating that all plaintiffs assent to the filing of the motions. Any future motions that purport to be filed by all plaintiffs, but are not signed by all plaintiffs, will be stricken pursuant to Fed. R.

---

[1] Section 891.25 states that, where the signing of a document has been put at issue, and the instrument purports to have been signed, the instrument itself is proof that it has been signed until proven otherwise. Section 990.01(38) provides that where a signature is required by law, it shall be the handwriting of such person or, if the person is unable to write, the person's mark or the person's name written by some other person at the person's request.

Civ. P. 11(a).

## II. DEFENDANTS' MOTIONS FOR EXTENSIONS OF TIME

Defendants have filed two motions for extension of time in which to file a dispositive motion and respond to plaintiffs' motion for summary judgment. Fed. R. Civ. P. 6(b) states in relevant part,

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order...[.]

On April 23, 2007, defendants filed a motion for extension of time until May 3, 2007, in which to file a dispositive motion and respond to plaintiffs' motion for summary judgment. Inasmuch as plaintiffs' motion for summary judgment has been denied, and May 3, 2007, has passed, defendants' first motion for extension of time will be denied as moot.

Defendants filed a subsequent motion for extension of time on May 1, 2007, requesting until June 5, 2007, to file a dispositive motion. However, defendants have filed a third motion for extension of time that supercedes this motion and, as such, it will be denied as moot.

On May 29, 2007, defendants filed a third motion for extension of time. As grounds for this request, counsel for defendants, AAG Michael Bauer states that he has been assigned to replace the previously assigned AAG Adrian Dresel-Velasquez, who has since left the Attorney General's Office. He asserts that, in addition to handling other matters, he needs time to familiarize himself with the present case, which includes nine plaintiffs and twenty-two counts, and has previously scheduled obligations to which he must attend.

3

Further, he asserts that plaintiffs will not be prejudiced by the delay, as their pending motion for summary judgment was denied without prejudice pending receipt of a signature page filed by all plaintiffs. In light of the foregoing, I find that defendants have demonstrated cause sufficient to justify the requested extension of time. Thus, the parties are hereby advised that the deadline for discovery is extended until **August 3, 2007** and the deadline for filing a dispositive motion is **August 31, 2007.**

### III. DEFENDANTS' MOTION TO COMPEL

On May 1, 2007, defendants filed a motion to compel plaintiffs to provide them with copies of documents filed in support of their motion for summary judgment. Specifically, defendants were not provided with plaintiff Brown's affidavit (Docket # 11) and the exhibits attached to plaintiff Ghashiyah's affidavit (Docket # 114 & # 115).

The parties are required to send a copy of every paper or document filed with the court to the opposing parties or their attorney. Fed. R. Civ. P. 5(a). By order of May 11, 2006, plaintiffs were advised that if they did not have funds or access to a photocopy machine, they could sent out identical handwritten or typed copies of any documents. (See Order of May 11, 2006, at 31). And, plaintiffs were advised that the court would disregard any papers of which a copy had not been sent to defendants or their attorney. See id.

Plaintiff Ghashiyah states that he could not provide defendants with copies because he is unable to obtain an extension of his legal loan. Notably, plaintiff's own submission indicates that, as of March 27, 2007, he has not exceeded the $200.00 annual legal loan. (See Affidavit of Tayr Kilaab al Ghashiyah Ex. 2). Further, it is unclear why plaintiff Ghashiyah is financially responsible for obtaining photocopies of plaintiff's Brown's affidavit.

4

However, inasmuch as plaintiffs' motion for summary judgment has been denied, defendants' motion to compel will be denied as moot. Plaintiffs are hereby advised that, if they choose to renew their motion for summary judgment, they will be required to provide defendants with copies of documents 110, 114 and 115 pursuant to Rule 5(e). If plaintiffs fail to comply with this directive, defendants may renew their motion to compel.

### IV. MOTION FOR RECONSIDERATION FILED BY PLAINTIFF JAWORSKI

Plaintiff Jaworksi filed a motion for reconsideration of this court's April 30, 2007, order assessing him a $225.00 filing fee. Specifically, plaintiff Jaworski states that he has paid $37.50 of the $250.00 filing fee and, therefore, his remaining balance is $212.50. Review of the record in this case reveals that plaintiff Jaworski remitted $12.50 to the court on March 12, 2007, and $25.00 on February 6, 2007. Thus, the balance of plaintiff Jaworski's filing fee is $212.50, and not $225.00. Accordingly, plaintiff Jaworski's motion for reconsideration is granted as to this request.

Next, plaintiff Jaworski contends that the remainder of the filing fee should be collected pursuant to the formula set forth in the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, because he is still a prisoner, although he now resides at the Wisconsin Resource Center (WRC). Plaintiff Jaworksi, however, has been civilly committed to WRC pursuant to Wis. Stat. Ch. 980, and therefore, the PLRA does not apply to him. See Wilson v. Watters, 348 F. Supp. 2d 1031 (W.D. Wis. 2004) (because plaintiff was a patient and not a prisoner, he was not subject to PLRA). Thus, plaintiff's Jaworski's motion for reconsideration will be denied as to this request. Plaintiff Jaworksi is advised that he is still obligated to pay the $212.50 balance of the filing fee. See Robbins v. Switzer, 104 F.3d 895, 897 (7th Cir. 1997). If plaintiff is unable to pay the amount, he may refile for in forma

5

pauperis status for the balance of the filing fee as a non prisoner. Id. See also In re Smith, No. 96-5327, 325 US APP DC Lexis 39 *15 (D.C. Cir., June 13, 1997).

## V. ADDITIONAL MATTERS

As a final matter, I note that several plaintiffs have contacted the court regarding the status of this action as a group complaint. For example, by letter of May 4, 2007, plaintiff Brown states that plaintiff Ghashiyah filed the April 3, 2007, motion for summary judgment without his knowledge or consent. And, plaintiff Brown indicates that he did not receive a copy of my April 30, 2007, order denying plaintiffs' motion for summary judgment. Consequently, plaintiff Brown has asked to stay this action so that he may be included in the decisions related to this litigation and he requests a copy of the April 30, 2007, order.

On the other hand, plaintiffs Yusef Latee Williams and Kenneth Jaworksi have each filed a letter stating that they assent to the filing of the April 3, 2007, motion for summary judgment on their behalf by plaintiff Ghashiyah. As discussed, plaintiff Ghashiyah may not file any documents on behalf of any plaintiff (regardless of whether plaintiffs have given their consent) because he is not an attorney. Rather, plaintiffs must sign each document that purports to be filed by all plaintiffs. See Fed. R. Civ. P. 11(a); see also Gonzales, 157 F.3d at 1021.

Inasmuch plaintiffs have been advised that they must obtain the signatures of all plaintiffs prior to renewing their motion for summary judgment, or any future motion, it is not necessary at this stage of the proceedings to issue a stay. Thus, plaintiff Brown's request to stay this action will be denied without prejudice. However, plaintiff Brown may renew such request should it become necessary. Plaintiff Brown is also advised that he may move for severance of this action pursuant to Fed. R. Civ. P. 21. See, e.g., Lindell v. Litscher, 212 F.

6

Supp. 2d 936 (W.D. Wis. 2002) (severing group prisoner petition because "as a general rule such cases are unmanageable for the parties and for the court[.]").

It is unclear why plaintiff Brown did not receive a copy of my April 30, 2007, order. Given that plaintiff Brown is a state prisoner, and transfer to another institution is a forseeable event, he is advised that he must keep the court informed of his current address. However, because I am uncertain as to reasons for plaintiff Brown's failure to receive the April 30, 2007, decision and order, I will grant his request for a copy of such document.

## V. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiffs' motion for summary judgment (Doc. # 126) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for sanctions (Doc. # 130) is **DENIED.**

**IT IS ORDERED** that defendants' motion for extension of time (Doc. # 118) is **DENIED AS MOOT.**

**IT IS ORDERED** that defendants' motion for extension of time (Doc. # 121) is **DENIED AS MOOT.**

**IT IS ORDERED** that defendant's motion for extension of time (Doc. # 135) is **GRANTED**. The discovery deadline is extended until August 3, 1997. All dispositive motions shall be filed on or before August 31, 2007.

**IT IS ORDERED** that defendants' motion to compel (Doc. # 121) is **DENIED WITHOUT PREJUDICE.**

**IT IS ORDERED** that the motion for reconsideration filed by plaintiff Jaworksi (Doc. # 125) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS ORDERED** that plaintiff Brown's request to stay the proceedings (Doc. # 124) is **DENIED WITHOUT PREJUDICE.**

**IT IS ORDERED** that plaintiff Brown's request for a copy of the April 30, 2007, order in this case is **GRANTED**. The Clerk of Court is directed to send plaintiff Brown a copy of such order at his address of record.

Dated at Milwaukee, Wisconsin, this 1 day of June, 2007.

/s_____
LYNN ADELMAN
District Judge