# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TAYR KILAAB AL GHASHIYAH,**
**ROBERT ADDINGTON, LARRY J. BROWN,**
**JASON KRYSHESKI, CORNELL SMITH,**
**RAYMOND SHAW, ROBERT JOSHUA,**
**YUSEF LATEE WILLIAMS and**
**KENNETH JAWORSKI,**
        **Plaintiffs,**

      v.                                                      **Case No. 05-C-0766**

**MATTHEW FRANK, et al.,**
        **Defendants.**

## DECISION AND ORDER

Plaintiffs filed this group pro se civil rights complaint under 42 U.S.C. § 1983 and are proceeding in forma pauperis on various claims. This order addresses the following applications: (1) plaintiffs' motion to sever; (2) plaintiffs' motion for preliminary injunction; (3) plaintiffs' motion for summary judgment; (4) plaintiffs' motion for leave to file excess pages; (5) plaintiffs' motion for publication; (6) plaintiffs' motion for addendum of Jane Does; (7) plaintiffs' motion for stipulation; (8) plaintiffs' motion for relief; (9) plaintiffs' motion for extension of time; (10) plaintiffs' two motions for sanctions; (11) plaintiffs' motion of objection; (12) a petition to proceed in forma pauperis filed by plaintiff Kenneth Jaworski; (13) a motion for a hearing filed by plaintiff Larry J. Brown; (14) defendants' motion for leave to file an oversized brief; and (15) defendants' motion to strike.

## I. PLAINTIFFS' GROUP MOTIONS

Currently pending are twelve motions and a response to defendants' motion for summary judgment that purport to be filed on behalf of, and request relief for, plaintiffs

Raymond Shaw, Cornell Smith, Yusef Latee Williams, Kenneth Jaworski, Jason Krysheski and Tayr Kilaab al Ghashiyah. None of the twelve motions has been signed by all of the above-mentioned plaintiffs. For example, the motion for summary judgment contains signatures for only plaintiffs Krysheski, Jaworski and Ghashiyah.

Federal Rule of Civil Procedure 11(a) requires that any pleading, written motion, or other paper filed on behalf of any unrepresented party must be signed by that party. In a case involving multiple pro se plaintiffs, one pro se plaintiff cannot sign on behalf of other pro se plaintiffs. See 28 U.S.C. § 1654; see also Abdul-Wadood v. DeBruyn, 1996 WL 359890, *1 (7th Cir. 1996); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986).

Review of the case file reveals that I have advised plaintiffs on four prior occasions that filing any motion, pleading, or other paper on behalf of all plaintiffs, without first obtaining the signature of all plaintiffs, violates Rule 11(a). See Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir. 2004). For example, in an order dated April 30, 2007, I denied plaintiffs' first motion for summary judgment because it was signed only by plaintiff Ghashiyah. On that date, I advised plaintiffs that they could re-file their motion if they cured the deficiencies therein. Then, on June 1, 2007, I denied plaintiffs' second motion for summary judgment because it was signed only by plaintiff Ghashiyah. In that order, I advised plaintiffs that should they file any documents in the future that did not comply with Rule 11(a), the documents would be stricken. As such, plaintiffs have received ample warning of the requirements of Rule 11(a) and the possible sanctions resulting from a failure to abide by those requirements and by my orders regarding plaintiffs' signatures, yet they still continue to file papers with this court that do not contain the required signatures.

Because plaintiffs have repeatedly refused to comply with rules and orders, plaintiffs' twelve group motions and response to defendants' motion for summary judgment will be stricken.

An additional comment is necessary with respect to plaintiffs' motion to add Jane Does, motion for stipulation, two motions for sanctions and motion of objection. These five documents indicate that they were filed on behalf of plaintiffs Shaw, Smith, Williams, Jaworski and Krysheski; however, they are signed only by plaintiff Ghashiyah. Pro se litigants do not have "unbridled license to disregard clearly communicated court orders," or to "choose which of the court's rules and orders [they] will follow, and which [they] will willfully disregard." Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996). Consequently, pro se plaintiffs are not immune from sanctions under Federal Rule of Civil Procedure 11(a). Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that Rule 11 explicitly applies to parties not represented by attorneys). Moreover, a court cannot decline to impose any sanction where a violation has arguably occurred, "simply because plaintiff is proceeding pro se." Id.

Under Rule 11, a court may dismiss a case in its entirety because of a plaintiff's misconduct. Thomas v. GMAC, 288 F.3d 305, 306 (7th Cir. 2002); Oliver v. Gramley, 200 F.3d 465, 466 (7th Cir. 1999). Because dismissal is a severe sanction, it ordinarily should be issued only after considering whether lesser sanctions would suffice. See Oliver, 200 F.3d at 466; see also Rice v. City of Chicago, 333 F.3d 780, 785-86 (7th Cir. 2003) ("[T]he ultimate sanction of dismissal should be involved only in extreme situations, where there is a clear record of delay or contumacious conduct."). Therefore, a court should dismiss a case because of a party's disruptive conduct only where lesser sanctions are

3

inappropriate or ineffective. Tyler v. City of Milwaukee, 740 F.2d 580, 582 (7th Cir. 1984).

Since the inception of this action, plaintiff Ghashiyah has filed twelve motions on behalf of other plaintiffs without first obtaining their signatures. Plaintiff Ghashiyah has been informed on numerous occasions that this practice is prohibited and I have stricken his pleadings and filings that fail to comply with Rule 11. Nevertheless, plaintiff Ghashiyah continues to file motions on behalf of other plaintiffs without the required signatures. Based on this, it appears that my warnings and lesser sanctions have, to date, been ineffective. Therefore, plaintiff Ghashiyah is advised that any future document filed on behalf of any other pro se plaintiff that does not bear the true signature of that plaintiff will result in Ghashiyah's dismissal from this action.

**II. MOTION TO PROCEED IN FORMA PAUPERIS FILED BY PLAINTIFF JAWORSKI**

On June 25, 2007, plaintiff Jaworski filed a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff Jaworski, who was a prisoner when he filed this action, paid an initial partial filing fee of $37.50 as required under the Prison Litigation Reform Act (PLRA). See 28 U.S.C. § 1915(b)(1). Now, he seeks to proceed in forma pauperis with respect to the $212.50 remainder of the filing fee, which he is obligated to pay even though he is no longer a prisoner. See Robbins v. Switzer, 104 F.3d 895, 897-98 (7th Cir. 1997).

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Neitzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. U.S. Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened

4

requirements of the PLRA do not apply. See West v. Macht, 986 F. Supp. 1141 (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action, without prepaying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of plaintiff's affidavit, the court is satisfied that he meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff receives $24 a month in income, of which $24 goes to expenses. Additionally, plaintiff has stated the nature of this § 1983 action and asserted his belief that he is entitled to redress. Therefore, plaintiff Jaworski's motion to proceed in forma pauperis will be granted.

## III. DEFENDANTS' MOTION TO FILE OVERSIZED BRIEF

On August 30, 2007, defendants requested leave to file an oversized brief in support of their motion for summary judgment. The Local Rules provide that principal briefs are not to exceed thirty pages, except by permission of the court. See Civil L.R. 7.1(f) (E.D. Wis.).

As grounds for their request, defendants state that it was necessary to exceed the 30-page limit because of the large number of claims and defenses at issue. Review of the docket reveals that plaintiffs are proceeding on numerous claims against more than fifty defendants. Upon due consideration, the court is satisfied that the reasons underlying defendants' request demonstrate that additional pages are warranted. Therefore, defendants' motion to file an oversized brief will be granted.

5

## IV. DEFENDANTS' MOTION TO STRIKE

On October 1, 2007, defendants filed a motion to strike plaintiffs' motion for summary judgment. As discussed above, plaintiffs' motion for summary judgment was stricken for failing to comply with Rule 11(a). Thus, defendants' motion to strike plaintiffs' motion for summary judgment will be denied as moot.

## V. ADDITIONAL MATTERS

Plaintiffs Brown and Smith have filed motions to sever this case pursuant to Federal Rule of Civil Procedure 21, presumably because papers have been filed on their behalf without their permission. As discussed above, it is unacceptable to file documents filed on behalf of a pro se plaintiff that do not bear that plaintiff's signature. See Fed. R. Civ. P. 11(a). Moreover, it appears that severance of this action may be warranted based on the rules of joinder and the principles stated in George v. Smith, 507 F.3d 605 (7th Cir. 2007), in which the Court of Appeals for the Seventh Circuit held that multi-claim, multi-defendant lawsuits filed by prisoners must comply with federal joinder rules.

With respect to joinder, the Federal Rules provide that "[p]ersons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or serious of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). This means that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. In the event that the court determines that a claim has been misjoined, such claim may be severed at any time. Fed. R. Civ. P.

21.

In light of the foregoing, the parties are advised that the court will review the amended complaint to determine whether severance of this action is appropriate. Thus, a decision on the motions to sever filed by plaintiffs Brown and Smith is forthcoming. If any party wishes to submit a statement setting forth their perspective regarding the severance of this case, they may do so by filing a letter with the court on or before **January 18, 2007.**

As a final matter, a motion for a hearing filed by plaintiff Brown and defendants' motion for summary judgment remain pending. Because it is unclear whether this action will be severed, and whether proceedings on the above-mentioned motions will be affected by a decision to sever, I will reserve ruling on these two applications until the severance issue is resolved.

## VI. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiffs' motion to sever (Docket # 141) is **STRICKEN.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for preliminary injunction (Docket #142) is **STRICKEN.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for summary judgment (Docket #157) is **STRICKEN.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file excess pages (Docket #158) is **STRICKEN.**

**IT IS FURTHER ORDERED that plaintiffs'** motion for publication (Docket # 159)

is **STRICKEN.**

IT IS FURTHER ORDERED that plaintiffs' motion for addendum of Jane Does (Docket # 162) is **STRICKEN.**

IT IS FURTHER ORDERED that plaintiffs' motion for stipulation (Docket # 163) is **STRICKEN.**

IT IS FURTHER ORDERED that plaintiffs' motion for relief (Docket # 164) is **STRICKEN**.

IT IS FURTHER ORDERED that plaintiffs' motion for extension of time (Docket # 176) is **STRICKEN.**

IT IS FURTHER ORDERED that plaintiffs' motion for sanctions (Docket # 185) is **STRICKEN.**

IT IS FURTHER ORDERED that plaintiffs' motion for sanctions (Docket # 187) is **STRICKEN.**

IT IS FURTHER ORDERED that plaintiffs' response to defendants' motion for summary judgment (Docket # 183) is **STRICKEN.**

IT IS FURTHER ORDERED that plaintiffs' motion of objection (Docket # 189) is **STRICKEN.**

IT IS FURTHER ORDERED that plaintiff Jaworski's motion for leave to proceed in forma pauperis (Docket # 149) is **GRANTED.**

IT IS FURTHER ORDERED that defendants' motion to file an oversized brief (Docket # 166) is **GRANTED.**

IT IS FURTHER ORDERED that defendants' motion to strike plaintiffs' motion for

summary judgment (Docket # 180) is **DENIED AS MOOT.**

**IT IS ALSO ORDERED** that if any party wishes to submit a statement setting forth their perspective regarding the severance of this case, they may do so by filing a letter with the court on or before **January 18, 2008.**

Dated at Milwaukee, Wisconsin, this 3 day of January, 2008.

                                      /s
                                      LYNN ADELMAN
                                      District Judge

9

Case 2:05-cv-00766-LA   Filed 01/03/08   Page 9 of 9   Document 193