# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TAYR KILAAB AL GHASHIYAH,**
**ROBERT ADDINGTON, LARRY J. BROWN,**
**JASON KRYSHESKI, CORNELL SMITH,**
**RAYMOND SHAW, ROBERT JOSHUA,**
**YUSEF LATEE WILLIAMS and**
**KENNETH JAWORSKI,**
        **Plaintiffs,**

    v.                                            Case No. 05-C-0766

**MATTHEW FRANK, et al.,**
        **Defendants.**

## DECISION AND ORDER

Plaintiffs, state prisoners at all times relevant, filed this joint pro se civil rights complaint under 42 U.S.C. § 1983 and are proceeding in forma pauperis on various claims. This matter comes before me on the following applications: (1) a motion to sever filed by plaintiff Brown; (2) a motion to sever filed by plaintiff Smith; (3) a motion for hearing filed by plaintiff Brown; (4) a motion of objection filed by plaintiff Ghashiyah; (5) a motion for costs filed by plaintiff Ghashiyah; (6) a motion to supplement filed by plaintiff Ghashiyah; (7) a motion for reconsideration filed by plaintiff Ghashiyah; and (8) defendants' motions for summary judgment.

## I. MOTIONS TO SEVER

Plaintiffs Brown and Smith have moved to sever their individual claims. As grounds for his request, plaintiff Smith states that he was not provided with a copy of the complaint when this case was filed in 2005. Plaintiff Brown asserts that documents have been filed on his behalf without his knowledge and consent.

In this circuit, prisoners are allowed to file joint civil rights actions, provided that each plaintiff pays the filing fee. See Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir. 2004). However, under the Federal Rules I may add or drop a party or sever any claim at any stage of the proceedings. See Fed. R. Civ. P. 21. Severance is appropriate where a case contains claims that are so distinct that they "could be severed and pursued independently[.]" Aiello v. Kingston, 947 F.2d 834, 836 (7th Cir. 1991).

When they first filed this action in July, 2005, plaintiffs were housed at two state correctional institutions, Waupun Correctional Institution ("WCI") and Wisconsin Secure Program Facility. Since then, plaintiffs have been transferred to four new correctional institutions across Wisconsin and one has been released.[1] Consequently, plaintiffs have been virtually unable to comply with Fed. R. Civ. P. 11(a), which requires each of them to sign every document filed on their behalf. Moreover, as will be discussed, infra, plaintiff Ghashiyah has on several occasions filed papers on behalf of his co-plaintiffs without their consent. In addition to plaintiffs Brown and Smith, other plaintiffs previously expressed a desire to sever their claims and defendants have indicated that they would agree to severing this case into nine separate actions, one for each plaintiff.

While I believe that it would be beneficial to all parties to sever the complaints of the individual plaintiffs because of concerns regarding the possibility of inmate transfer, security, and the need for each plaintiff to represent himself with regard to his claims alleged in the

---

[1] Plaintiff Ghashiyah is at Wisconsin Secure Program Facility. Plaintiff Brown is at WCI. Plaintiff Krysheski is at Kettle Morraine Correctional Institution. Plaintiff Smith is at WCI. Plaintiff Shaw is at Columbia Correctional Institution. Plaintiff Williams is at WCI. Plaintiff Joshua is at Stanley Correctional Institution. Plaintiff Jaworski is at Dodge Correctional Institution. Plaintiff Addington has been released.

case, I do not believe that it is a practical approach at this stage in light of problems with the amended complaint itself. For the reasons set forth below, the amended complaint is deficient and, therefore, cannot be employed as the operative complaint in any severed action(s).

On the basis of the allegations set forth in the amended complaint, plaintiffs were permitted to proceed on twenty-two claims against eighty-five defendants. (See May 11, 2006, Decision and Order). Fed. R. Civ. P. 20(a)(2) provides that defendants may be joined in an action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all defendants will arise in the action." With respect to prisoner civil rights actions asserting multiple claims against multiple defendants, the Seventh Circuit recently stated that "[u]nrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, a "blunderbuss complaint" that fails to comply with Rule 20(a) "should be rejected[.]" Id.

Applying Rule 20(a) to the amended complaint, I conclude that it does not set forth any claim or claims that properly join all 85 defendants. For example, the largest allegation in the complaint (in terms of the number of people involved) names only twenty-seven defendants.[2] No other claim is asserted against the remaining defendants that arises "out

---

[2] In this claim, plaintiffs assert that between 1999 and 2005, defendants Frank, McCaughtry, Clement, Thurman, Bertrand, Baenen, Erickson, Knoll, Kingston, Gourlie, Janssen, Smith, Core, Melcher, Muraski, Thomas, Alsum-O'Donovan, Opperman, Brouckhaus, Settling, O'Donovan, Rainke, Noe, Nahmens, Mittelsteadt, Bushwieler and Doe delayed, hindered and interfered with plaintiffs' access to legal mail, legal photocopies, legal assistance and the law library.

3

of the same transaction, occurrence, or series of transactions or occurrences" and involves a question "of law or fact common to all[.]"

Notably, Fed. R. Civ. P. 18(a) permits a plaintiff to join "as many claims as it has against an opposing party," even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions. However, joinder under Rule 18(a) is allowed only after the requirements of Rule 20 have been satisfied. See 6A Wright, Miller & Kane, Federal Practice and Procedure, § 1585 at 530-531 (1990) (parties must be properly joined before a court can consider joining claims). Thus, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. Moreover, the fact that Claim A shares two out of twenty defendants in common with unrelated Claim B and its ten defendants, does not mean that Claim A and Claim B are appropriately united in a single action. Ghashiyah v. Frank, 2007 U.S. Dist. LEXIS 93874, *4 (W.D. Wis. 2007).[3] Again, defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law. Id.

In sum, I find that the amended complaint is deficient for purposes of Rule 20(a). However, it is unclear how plaintiffs propose to create any new action(s) without the benefit of a complaint that complies with the above rules. Inasmuch as plaintiffs have provided no workable severance plan, I will deny their motions to sever without prejudice.

---

[3] In this case, Judge Crabb engages in a helpful discussion of the practical requirements of Fed. R. Civ. P. 20 and its constraints on Fed. R. Civ. P. 18, in the context of another lawsuit filed by plaintiff Ghashiyah in the Western District of Wisconsin.

However, there exists the possibility that this case may be severed sua sponte pursuant to Fed. R. Civ. P. 21. Therefore, I would like more information as to the parties' perspectives regarding severance. Each plaintiff and counsel for defendants shall file a memorandum within thirty days of this order advising the court as to how they wish to proceed with this case, taking into consideration the parameters discussed above. Matters that the parties may discuss include, but are not limited to, a proposed plan for severance, whether all plaintiffs intend to continue prosecuting this action, whether the parties have consulted on this issue and whether settlement is possible. Inasmuch as several plaintiffs have not been in contact with the court for months, each plaintiff is advised that failure to file a memorandum setting forth his perspective on severance, or at least indicating a desire to personally continue prosecuting this action, could result in his dismissal from this case for failure to prosecute. See Fed. R. Civ. P. 41(b).

## II. PLAINTIFF BROWN'S MOTION FOR HEARING

Plaintiff Brown has requested a hearing to address several issues in this case. Brown seeks to explain why plaintiff Ghashiyah requested copies on his behalf. Additionally, Brown wishes to sever his claims into a separate case and he complains that prison officials at Oshkosh Correctional Institution (OSCI) have punished him for participating in this lawsuit.

As discussed, supra, the court is taking the matter of severance under advisement. Plaintiff Brown may present his concerns about Ghashiyah in the memorandum he has been advised to file with the court. Additionally, plaintiff Brown has been transferred to Waupun Correctional Institution and no longer resides at OSCI. For these reasons, I am not

5

persuaded that it is necessary to hold a hearing to address the issues set forth in plaintiff Brown's motion.[4] Therefore, I will deny plaintiff Brown's motion for hearing.

### III. PLAINTIFF GHASHIYAH'S MOTION OF OBJECTION, MOTION TO SUPPLEMENT AND MOTION FOR RECONSIDERATION

Plaintiff Ghashiyah has filed a motion of objection, a motion to supplement the motion of objection and a motion for reconsideration, claiming that I abused my discretion in striking plaintiffs' filings that failed to comply with Fed. R. Civ. P. 11(a). Inasmuch as plaintiff Ghashiyah seeks to revisit a previous decision made in this case, and judgment has not been entered, I construe his motion as one for reconsideration under Federal Rule of Civil Procedure 54.[5]

Rule 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in . . . circumstances such as where the initial decision

---

[4] However, if plaintiff Brown wishes to pursue his allegations against the OSCI prison officials, he may do so by filing a new § 1983 action.

[5] I note that Ghashiyah's third motion for reconsideration dated February 21, 2008, was filed under Fed. R. Civ. P. 60(b)(5). This provision applies only to a final judgment, order or proceeding.

6

was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." United Air Lines, Inc. v. ALG, Inc., 916 F. Supp. 793, 795 (N.D. Ill. 1996).

In the present case, plaintiff Ghashiyah asserts that he should be allowed to sign pleadings on behalf of his co-plaintiffs and, therefore, his filings should not have been stricken for failing to comply with Rule 11(a). As a preliminary matter, I have explained to plaintiff Ghashiyah on numerous occasions that Rule 11(a) requires that any pleading, written motion, or other paper filed on behalf of an unrepresented party must be signed by that party and that one pro se plaintiff cannot sign on behalf of other pro se plaintiffs. See 28 U.S.C. § 1654; see also Abdul-Wadood v. DeBruyn, 1996 WL 359890, * 1 (7th Cir. 1996); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986).

Nevertheless, Ghashiyah states that he may file documents on behalf of other inmates pursuant to Wis. Stat. § 403.401(2), 891.25 and 990.01(38). Contrary to Ghashiyah's assertion, none of these provisions exempt plaintiffs from compliance with Rule 11(a).[6] As was explained in my decision and order dated June 1, 2007,

> [T]he purpose of requiring in Rule 11(a) unrepresented parties to sign their pleadings is to make certain that those named as parties in an action in which there is no lawyer have actually assented to the filing of the action on their behalf. When the unsigned pleading or other paper is tendered to the clerk

---

[6] For example, section 990.01(38) provides that where "the signature of any person is required by law it shall always be the handwriting of such person or, if the person is unable to write, the persons mark or the persons name written by some other person at the persons request[.]" In the present case, no plaintiff has indicated that he is unable to write, thereby necessitating intervention by plaintiff Ghashiyah.

7

> for filing by the pro se party himself, that purpose of Rule 11(a) may be sufficiently fulfilled to allow relation back if the party within reasonable promptness thereafter signs and refiles the document. But, where the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.

Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) (internal citation omitted).[7] This rationale undermines Ghashiyah's argument that plaintiffs have all consented to Ghashiyah's filing on their behalf. Plaintiffs cannot consent to an action that violates the rules of procedure, and any consent filed by plaintiffs in this case merely operated as a ratification of a previously filed motion.

Next, plaintiff Ghashiyah asserts that he may sign papers for his co-plaintiffs as long as they are marked "s/." As grounds for his assertion, plaintiff points out that counsel for defendants and the court has signed documents with the "s/" symbol. This argument is not persuasive for several reasons.

First, the Eastern District of Wisconsin uses an Electronic Case Filing System (ECF) and the symbol "s/" shows that a document has been electronically signed. As a pro se litigant who does not make electronic filings, plaintiff Ghashiyah has no need to use this symbol. Second, counsel for defendants who, unlike plaintiff Ghashiyah, is a licensed attorney, is permitted to sign documents on behalf of his clients. See Fed. R. Civ. P. 11(a) ("[E]very pleading...must be signed by at least one attorney of record in the attorney's name.").

---

[7] I note that as far back as September 11, 1989, plaintiff Ghashiyah (who was formerly known as John Casteel) was informed that he cannot file papers for his co-plaintiffs. See Casteel v. Pieschek, 3 F.3d 1050, 1052 (7th Cir. 1993) (noting that district court advised Ghashiyah that he could not act as a lawyer for the other prisoner plaintiffs).

8

Plaintiff Ghashiyah's remaining arguments warrant little discussion. First, he asserts that any plaintiff who fails to sign a pleading should be dismissed for failure to prosecute. Plaintiff Ghashiyah relies on Casteel, 3 F.3d at 1052, in which former district Judge Robert W. Warren dismissed a prisoner plaintiff who failed to a sign group pleading. The present case is distinguishable because the record demonstrates that Ghashiyah has filed papers on behalf of a select group of plaintiffs without notifying other plaintiffs. Dismissing certain plaintiffs for failing to sign a pleading that Ghashiyah never forwarded to them would prejudice these plaintiffs and permit Ghashiyah to lead this action in whatever direction he so chooses, which is unacceptable.

Finally, Ghashiyah claims that it would be an abuse of discretion to dismiss him from this case for failing to comply with a court order. In support of his assertion, Ghashiyah relies on Lowe v. City of East Chicago, 897 F.2d 272, 274 (7th Cir. 1990), in which the Seventh Circuit held that the district court abused its discretion in dismissing a plaintiff for one instance of non-compliance with a discovery order. In the present case, I have not dismissed any plaintiff for failing to comply with my orders. Additionally, I have advised plaintiff Ghashiyah on five previous occasions that he is not to file any motion, pleading or other paper on behalf of all plaintiffs, without first obtaining the signature of all plaintiffs. Nevertheless, Ghashiyah proceeded to file 14 motions on behalf of other plaintiffs without first obtaining their signatures.

As discussed in my decision and order dated January 3, 2008, pro se litigants do not have "unbridled license to disregard clearly communicated court orders," or to "choose which of the court's rules and orders [they] will follow, and which [they] will willfully disregard." Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996). Consequently, pro se plaintiffs are

9

not immune from sanctions under Federal Rule of Civil Procedure 11(a). Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that Rule 11 explicitly applies to parties not represented by attorneys). Moreover, a court cannot decline to impose any sanction where a violation has arguably occurred, "simply because plaintiff is proceeding pro se." Id. at 1389.

In the present case, after plaintiff Ghashiyah submitted numerous filings on behalf of other prisoners without obtaining their permission or their signature, I advised him that any future documents that failed to comply with Rule 11(a) would be stricken. Nevertheless, Ghashiyah proceeded to file at least ten addition motions, on behalf of various plaintiffs, that bore only his signature. These motions were denied and stricken in orders dated June 1, 2007, and January 3, 2008. For the reasons discussed above, plaintiff Ghashiyah has failed to show that striking these filings was an abuse of discretion. Accordingly, plaintiff Ghashiyah's motions for reconsideration will be denied.

## IV. PLAINTIFF GHASHIYAH'S REQUEST FOR INTERLOCUTORY APPEAL

By his February 21, 2008, motion for reconsideration, plaintiff Ghashiyah also asks to appeal my January 3, 2008, order to the Seventh Circuit. Generally, an appeal "must await the terminating order - the decision 'that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Davis v. Streekstra, 227 F.3d 759, 762 (7th Cir. 2000) (quoting Van Cauwenberghe v. Biard, 486 U.S. 517, 521-22 (1988)). Nevertheless, an appeal from an interlocutory decision may be taken pursuant to 28 U.S.C. § 1292(b) if the district court certifies that the challenged order involves controlling questions of law as to which there are substantial grounds for difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation. 28

10

U.S.C. § 1292(b). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed." Ahrenholz v. Bd. of Trs., 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "Unless all of these criteria are met, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b)." Id. at 676.

In the present case, plaintiff Ghashiyah has not made any claim that he satisfies the requirements of § 1292(b). Nor has he obtained the signatures of all of his co-plaintiffs, as required under Fed. R. Civ. P. 11(a). Therefore, his request for an interlocutory appeal will be denied.

## IV. ADDITIONAL MATTERS

Plaintiff Ghashiyah filed a motion for costs on February 7, 2008. As grounds for his request, Ghashiyah states that plaintiffs have prevailed on at least three claims because defendants instituted various remedial policies as a result of this lawsuit. Although plaintiff Ghashiyah advances several theories as to why plaintiffs are now entitled to costs, he failed to obtain the signature of all of his co-plaintiffs before filing this motion as required under Rule 11(a). Therefore, Ghashiyah's motion for costs will be denied.

As a final matter, there are pending defendants' two motions for summary judgment. Plaintiffs have not filed a response that complies with Rule 11(a). However, given that some of the plaintiffs have expressed concern over how this action has been prosecuted and the fact that they have been left "in the dark" as to some of the filings, I hesitate to decide the

11

summary judgment motions on the merits at this time. Additionally, severance could substantially change the composition of the case and claims. As such, defendants' motions will be administratively terminated. Defendants may renew their motions for summary judgment should it become appropriate.

## V. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff Smith's motion to sever (Docket #177) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff Brown's motion to sever (Docket #179) is **DENIED WITHOUT PREJUDICE.**

**IT IS ORDERED** that plaintiff Brown's motion for hearing (Docket # 150) is **DENIED.**

**IT IS ORDERED** that defendants' motion for summary judgment (Docket #167) is **TERMINATED.**

**IT IS ORDERED** that defendants' motion for summary judgment (Docket #168) is **TERMINATED.**

**IT IS ORDERED** that plaintiff Ghashiyah's motion of objection (Docket # 194) is **DENIED.**

**IT IS ORDERED** that plaintiff Ghashiyah's motion for costs (Docket # 197) is **DENIED.**

**IT IS ORDERED** that plaintiff Ghashiyah's motion to supplement (Docket # 198) is **DENIED.**

**IT IS ORDERED** that plaintiff Ghashiyah's motion for reconsideration (Docket # 199) is **DENIED.**

**IT IS ORDERED** that plaintiff Ghashiyah's request for an interlocutory appeal (Docket # 199) is **DENIED.**

**IT IS ORDERED** that on or before April 10, 2008, each plaintiff and counsel for defendants shall submit a letter to the court setting forth their perspective on how they wish to proceed with this action.

Dated at Milwaukee, Wisconsin, this 8 day of March, 2008.

/s_____
LYNN ADELMAN
District Judge