UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TAYR KILAAB AL GHASHIYAH,**
**ROBERT ADDINGTON, LARRY J. BROWN,**
**JASON KRYSHESKI, CORNELL SMITH,**
**RAYMOND SHAW, YUSEF LATEE WILLIAMS,**
**ROBERT JOSHUA, and KENNETH JAWORSKI,**

     **Plaintiffs,**

  v.                                                  Case No. 05-C-0766

**RICK RAEMISCH, et al.,**

     **Defendants.**

## DECISION AND ORDER

Plaintiffs, current and former state prisoners, filed this joint pro se civil rights complaint under 42 U.S.C. § 1983 and are proceeding in forma pauperis on various claims. In an order dated March 10, 2008, I instructed the parties to file memoranda concerning how the case might proceed consistent with the rules governing joinder. The parties' submissions are now before me, as are: (1) plaintiff Larry J. Brown's motion to sever; (2) a motion of objections filed by several plaintiffs; (3) a motion of objections to court's decisions filed by several plaintiffs; (4) a motion for contempt filed by several plaintiffs; and (5) a request by plaintiff Kenneth Jaworski to set this case for a jury trial.

### I. SEVERANCE

In my March 10, 2008, decision and order, I advised plaintiffs that the amended complaint fails to comply with the Federal Rules of Civil Procedure and, therefore, cannot

serve as the operative complaint in separate actions.[1] As stated above, I ordered the parties to submit memoranda regarding how this case might proceed, and I advised the parties that their failure to respond to my order could result in dismissal of the claims for failure to prosecute.

Plaintiff Robert Joshua has not filed a response, and I will take his silence as an indication that he does not with to proceed with this case. I will dismiss plaintiff Robert Joshua as a party to this action.

Additionally, the copy of the March 10, 2008, decision and order sent to plaintiff Robert Addington was returned as undeliverable. Upon inquiry, the Department of Corrections has informed the court that Robert Addington was released from the custody of the Department of Corrections on August 21, 2007. He has not contacted the court since then to provide his new address. Therefore, I will dismiss plaintiff Addington as a party pursuant to Civ. L.R. 41.3 for failing to diligently prosecute this action.

The responses from the parties who filed memoranda were mixed. Plaintiffs Tayr Kilaab al Ghashiyah, Jason Krysheski, Raymond Shaw, Yusef Latee Williams and Kenneth

---

[1] For example, when the February 13, 2006, amended complaint was originally screened, the plaintiffs were allowed to proceed on twenty-two claims against eighty-five defendants. The main allegation in the complaint names only twenty-seven of the eighty-five defendants. The claims include everything from First Amendment and Religious Practice claims to denial of good time credits, conditions of confinement claims, alleged violations of the Americans with Disabilities Act and assorted due process and equal protection claims. The vastly different legal issues presented by the claims and the diverse incidents giving rise to them do not contain a "question of law or fact common to all plaintiffs." Fed. R. Civ. P. 20(a)(1). Nor do the claims arise out of the "same transaction, occurrence, or series of transactions or occurrences." Id.

2

Jaworski all filed similar documents objecting to severance; three filed two such documents.[2] Plaintiff Cornell Smith acknowledged my denial of his earlier motion to sever and indicated he was willing to settle. Plaintiff Larry Brown filed a motion to sever, and defendants agreed severance was appropriate and requested that the court sever each of the plaintiffs' claims into separate actions.

I note that during the pendency of this case, plaintiffs have repeatedly been unwilling or unable to follow the Federal Rules of Civil Procedure. This has resulted in unnecessary arguments, motions and orders, and has hindered the efficient management of this case. Additionally, some plaintiffs have noted that they wish their case to proceed separately from plaintiff Ghashiyah because Ghashiyah has taken control of the litigation and has failed to keep them updated. Other plaintiffs have responded that they wish Ghashiyah to continue to "represent" them. The primary problem is that Ghashiyah has taken it upon himself to litigate this action on behalf of the other plaintiffs in whatever manner he deems appropriate, with or without their assent and sometimes without any input from them. However, as I have warned plaintiff Ghashiyah and the other plaintiffs in previous orders, only a licensed attorney may represent another person in litigation. Ghashiyah is not a licensed attorney, and therefore may only represent himself. Likewise, the other plaintiffs, unless they retain counsel, must represent themselves, which involves, among other things, personally attesting to the veracity and good faith of every paper filed with the court by signing each paper filed with the court. Fed. R. Civ. P. 11. Finally, as of December 18, 2008, Ghashiyah

---

[2]I note that many of the documents filed by this group of plaintiffs are identical and some were obviously drafted by plaintiff Ghashiyah, even though they were purportedly signed by other plaintiffs.

3

is a restricted filer, as discussed in greater detail below. In light of these issues, I have determined that it would serve the interest of all parties and advance both the interest of justice and the efficient processing of the case if I severed the case into separate actions. I will therefore grant plaintiff Brown's motion to sever.

The case will accordingly proceed as follows. Each plaintiff will have one opportunity to submit a proper complaint. He must choose carefully and submit one, final complaint that sets forth a single claim or claims permissibly joined under Rules 18 and 20.[3] Two or more of the plaintiffs in this action may choose to bring their claims together. However, a joint complaint will be subject to Rules 18 and 20, and the parties and claims asserted must be properly joined. The Seventh Circuit has cautioned:

> A prisoner litigating on his own behalf takes the risk that one or more of his claims may be deemed sanctionable under Fed. R. Civ. P. 11, or may count toward the limit of three weak *forma pauperis* claims allowed by § 1915(g). A prisoner litigating jointly under Rule 20 takes those risks for *all* claims in the complaint, whether or not they concern him personally. Sharing works both ways; detriments as well as costs are parceled out among plaintiffs.

Boriboune v. Berge, 391 F.3d 852, 854-55 (7th Cir. 2004). Each plaintiff must sign every document filed in his case. The reason for this is to ensure that the document satisfies Fed. R. Civ. P. 11. Id. at 855.

Each new complaint filed must contain only related claims under Rules 18 and 20. The complaints may not assert class actions, and the plaintiff or plaintiffs asserting a claim

---

[3] Any unrelated claim not pursued in this case must be brought in a separate action. If a plaintiff chooses to pursue such a claim, he will be responsible for an additional filing fee. For the purposes of the applicable statutes of limitation, I will consider the effective date of any claims contained in the February 13, 2006 amended complaint to be July 20, 2005, the date the original complaint was filed in this case.

4

in each complaint must have personal involvement in that claim. Additionally, each plaintiff must participate in, sign and ratify the complaint in which he asserts claims. Plaintiff Ghashiyah cannot represent any other plaintiff in any of the new complaints. Nor may any plaintiff file a general ratification of all past and future documents filed on his behalf. Rather, whether they choose to proceed individually or jointly, plaintiffs must each participate in, sign and ratify each and every document filed with the court by them or on their behalf. Plaintiffs should also keep in mind that Rule 20 allows plaintiffs to join in a single action only if they assert a right to relief jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences and the action presents a question of law or fact common to all plaintiffs.

The plaintiff or plaintiffs involved in each complaint must file two copies of the new complaint on or before **Monday, April 20, 2009.** The claim or claims asserted must have been part of the amended complaint filed February 13, 2006. The complaints may not include any defendant(s) who are not already parties to this action. Nor may the plaintiffs assert proposed claims that arose after the initiation of this litigation on July 20, 2005.

The Clerk's Office will be directed to file one copy of each new complaint in this case and use the second copy to open a new case. A copy of this order will be filed in each new case. Each of the new cases will be assigned directly to me. The Clerk's Office will notify each plaintiff and defendants' counsel of the new case number. The filing fees paid by each plaintiff in this case will apply to each corresponding new case and will continue to be collected, if they have not already been paid in full. An additional filing fee will not be required in the new cases.

I will screen each new complaint in accordance with 28 U.S.C. § 1915A. As instructed by the Court of Appeals in George v. Smith, 507 F.3d 605 (7th Cir. 2007), under the controlling principle of Rule 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. Id. at 607. Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

In George, the Seven Circuit also reminded district courts that Rule 20 applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." In other words, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. The Seventh Circuit noted "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions" would be rejected if filed by a free person and should also be rejected if filed by a prisoner. George, 507 F.3d at 607. Only if the requirements for joinder of parties have

6

been satisfied under Rule 20 may Fed. R. Civ. P. 18 be used to allow the plaintiff to join as many other claims as the plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions. Thus, a plaintiff may not include a claim that A and B punched him in the same suit as a claim that B and C infringed his copyright in a different transaction, because there is no claim for relief asserted against A, B and C that arises out of the same transaction, occurrence or series of transaction or occurrences and presents questions of law or fact common to all. As I indicated in my March 10, 2008, decision and order, the plaintiffs' amended complaint in this action is just the sort of "buckshot complaint" that the George court instructed should be "rejected." Id. Plaintiffs should not squander this opportunity to file a new complaint setting forth either one claim or properly joined claims.

The plaintiff or plaintiffs in each complaint shall serve a copy of the new complaint on counsel for defendants, Assistant Attorney General Melissa R. Rhone, Wisconsin Department of Justice, Post Office Box 7857, Madison, Wisconsin 53707-7857. However, defendants will have no obligation to answer the new complaints until I have screened them. Counsel for defendants should advise me on or before **Monday, April 20, 2009**, whether defendants are willing to waive personal service and accept service of the new complaints on defendants' counsel by mail. If defendants waive personal service, they will have 30 days from the date of the screening order in each new case to answer the complaint in that case.

7

Case 2:05-cv-00766-LA   Filed 03/19/09   Page 7 of 13   Document 255

## II. MOTIONS OF OBJECTIONS

On June 10, 2008, plaintiffs Ghashiyah, Shaw, Williams, Krysheski and Jaworski filed two motions of objections. The first (Docket #219) reiterates arguments regarding participation in this litigation and the requirement that all plaintiffs sign all documents filed with the court. The relief the motion seeks is determinations on previously filed motions for summary judgment. Those motions are not currently pending and, in light of my ruling above regarding severance, I will deny this motion as moot.

The second motion of objections (Docket #220) asks me to reconsider my April 30, 2007, order denying a motion for summary judgment filed by plaintiff Ghashiyah on September 30, 2006. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." United Air Lines, Inc. v. ALG, Inc., 916 F. Supp. 793, 795 (N.D. Ill. 1996). Plaintiffs have submitted no evidence or argument suggesting that my denial of the motion for summary judgment was

8

clearly erroneous or would work a manifest injustice. Therefore, I will deny the plaintiffs' motion.

Plaintiffs Ghashiyah, Shaw, Williams, Krysheski and Jaworski also filed a motion of objections (Docket #242) on October 22, 2008. In this motion, plaintiffs attack my handling of this case. They allege that I have delayed this litigation and demand "a prompt determination of their filed motions" and ask that a jury trial be scheduled immediately. In light of the decision I am issuing today, the plaintiffs' motion is moot and will be denied. Additionally, a jury trial would be premature at this time; plaintiffs acknowledge that dispositive motions have not been fully briefed or decided. I also will deny plaintiffs' request for a jury trial at this time.

### III. MOTION FOR CONTEMPT

Plaintiffs Ghashiyah, Shaw, Williams, Krysheski and Jaworski filed a "motion for contempt." The motion references Federal Rules of Civil Procedure 70 and 71 and asks the court "to issue a writ of execution against agents of State of Wisconsin and the Saudi government" to enforce a "judgment" found in what plaintiffs call official document number 12. Rule 70 governs enforcing a judgment for a specific act, and Rule 71 addresses the enforcement of relief for or against a nonparty. "Official document number 12" was filed as an attachment to an affidavit of plaintiff Ghashiyah. It is a typed document bearing stamps from the U.S. District Court for the Western District of Wisconsin, dated February 28, 1984, and the Dodge County Register of Deeds, dated March 30, 1984. The document purports to enforce a lien for over 61 trillion dollars. Plaintiffs' motion is unsupported by admissible evidence; they have not shown they have obtained a valid judgment or order for possession. I will therefore deny the motion.

## IV.  MOTION FOR JURY TRIAL

Plaintiff Kenneth Jaworski filed a motion for a jury trial. He attached correspondence from defendants indicating that defendants were "not interested in discussing anything in plaintiffs' proposed settlement terms." In light of my ruling above regarding severance of each plaintiff's claims, and the fact that dispositive motions must still be briefed and decided, a jury trial would premature. I will therefore deny the motion for jury trial.

## V.  PLAINTIFF GHASHIYAH

I would also like to make all of the parties aware of a development regarding Ghashiyah's participation in this litigation. In an order dated December 18, 2008, the Seventh Circuit Court of Appeals made Ghashiyah a restricted filer. The court ordered: "Unless and until al Ghashiyah pays all outstanding fees and costs, the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by him or on his behalf." The court made an exception "for criminal cases and for applications for writs of habeas corpus." This action is neither. Likewise, the court did not make an exception for pending civil cases. The clerk of this court is bound by the order of the Seventh Circuit Court of Appeals. Therefore, Ghashiyah will not be able to participate as a party to this litigation until he makes full payment to the Seventh Circuit and/or until the Seventh Circuit modifies or rescinds its order. Given the inability of Ghashiyah to file any documents or have documents filed on his behalf, he will not be able to proceed jointly with any of the other plaintiffs. He will be dismissed when this case is closed. However, in the future, if Ghashiyah is again able to file documents with this court, he may petition to reopen

this case. At that time, if Ghashiyah's motion to reopen is granted, he will be given leave to file an amended complaint consistent with this order.

## VI. CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff Larry J. Brown's motion to sever (Docket #210) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Robert Addington be and is hereby **DISMISSED** as a party to this action.

**IT IS FURTHER ORDERED** that plaintiff Robert Joshua be and is hereby **DISMISSED** as a party to this action.

**IT IS FURTHER ORDERED** that each remaining plaintiff shall file two copies of a new complaint consistent with this order setting forth only one claim or multiple claims joined properly under Federal Rules of Civil Procedure 18 and 20. These new complaints shall bear this case number (05-C-0766) and must be filed on or before **Monday, April 20, 2009**.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to file one copy of each new complaint in this case and to use the second copy of each new complaint to open a new case. Each case shall be assigned directly to me. The filing fee for each new action will be waived because each plaintiff has already paid or is in the process of paying a filing fee as part of this action. The Clerk's Office also shall inform each plaintiff and defendants' counsel of each new case number.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to file a copy of this order in each of the new cases.

**IT IS FURTHER ORDERED** that the Clerk's Office shall administratively close this lawsuit, Case No. 05-C-766.

**IT IS FURTHER ORDERED** that any plaintiff who has not filed a new complaint by **April 20, 2009**, and thus initiated a new action by that date, will be dismissed.

**IT IS FURTHER ORDERED** that each plaintiff shall serve a copy of his new complaint on counsel for defendants, Assistant Attorney General Melissa R. Rhone, Wisconsin Department of Justice, Post Office Box 7857, Madison, Wisconsin 53707-7857.

**IT IS FURTHER ORDERED** that defendants will have no obligation to answer the new complaints until I have screened the new complaints.

**IT IS FURTHER ORDERED** that defendants' counsel shall advise the court on or before April 20, 2009, whether defendants will be willing to waive personal service and accept service of the new complaints on defendants' counsel by mail. If defendants waive personal service, they will have 30 days from the date of the screening order in each new case to answer the complaint in that case.

**IT IS FURTHER ORDERED** that plaintiffs' motion of objections (Docket #219) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiffs' motion of objections (Docket #220) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion of objections (Docket #242) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for contempt (Docket #233) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Kenneth Jaworski's request for a jury trial (Docket #239) is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to the December 18, 2008 order from the Seventh Circuit in Appeal No. 08-2581, the Clerk of Court is directed to strike all pleadings filed by or on behalf of Ghashiyah since December 18, 2008, and return them to him.

**IT IS FURTHER ORDERED** that, pursuant to the December 18, 2008 order from the Seventh Circuit in Appeal No. 08-2581, the Clerk of Court shall return unfiled any papers submitted either directly or indirectly by Ghashiyah or on his behalf.

Dated at Milwaukee, Wisconsin, this 19 day of March, 2009.

/s
LYNN ADELMAN
District Judge